Dickinson, &c. v. Trout, &c.

---

CASE 5—RULE—DECEMBER 8.

# Dickinson, &c. v. Trout, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. RULE AGAINST SURETIES OF A TRUSTEE REQUIRING THEM TO PAY MONEY BACK INTO COURT.—A trustee appointed by the court to invest funds, and his sureties in his bond as such trustee, in case of his failure to invest the funds as required by the court, may be proceeded against by rule, and required to pay such funds back into court.

Such funds are in the custody of the court until invested by the trustee in obedience to the order of the court.

Such proceedings by rule may be instituted by the court on its own motion.

Dickinson, &c. v. Trout, &c.

The return of the fund to the court's commissioner will release the sureties from all further liability.

2. SURETIES BECOME QUASI PARTIES.—By executing the bond in court the sureties become *quasi* parties to the record, and like, their principal, may be proceeded against by rule.

3. *The money having been traced into the hands of the trustee,* to exonerate themselves from liability it was necessary for his sureties to show affirmatively that the trustee had complied with the conditions of his bond.

It was the duty of the sureties of the trustee to know what their principal had done in the premises.

The presumption from the record is that the trustee withdrew the money as soon as authorized to do so, although there is no direct evidence that he did withdraw it.

4. MARRIAGE OF FEMALE PARTIES. The mere suggestion of the marriage of female parties is all that is necessary to enable the court to make their husbands parties to the suit.

5. KNOWN DEFENSES MUST BE PLEADED BEFORE JUDGMENT.—The courts will not open proceedings or grant a new trial to allow parties to plead the statute of limitations.

STRATTON, BADGER & COOKE, }
LEMUEL S. HARDIN, . . . . } . . . . For Appellants,

CITED

Revised Statutes sec. 2, art. 6, chap. 86, 2 Stanton, 310.
Revised Statutes sec. 14, chap. 47, 2 Stanton, 400.
Civil Code, secs. 543, 479, 480, 481, 30, 36, 565, 570.
7 B. Monroe, 559, Lexington & Ohio R. R. v. Bridges.
9 B. Monroe, 162, Crouch v. Crouch.
1 Dana, 104, Levi v. Dupuy.
2 J. J. Marshall, 568, Taylor v. Bank of Kentucky.

BARRET & ROBERTS, }
ST. JOHN BOYLE, . . } . . . . . . . . For Appellees.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The proceeding in this case by rule was proper. The money for which the lands conveyed by Yeager to Barilla M. Vance and her two children were sold was in the custody of the court until it was invested by the trustee, Snyder, in obedience to its order. The legal effect of the undertaking

of Snyder was that he would, among other things, obey this order, and his sureties (these appellants) were bound to see that he performed this stipulation of his bond. By the execution of the bond they made themselves *quasi* parties to the record, and, like their principal, could be proceeded against by rule.

The response of appellants does not, in our opinion, present any available reason against the enforcement of the rule. It was not material whether Mrs. Vance was dead or not. The remainder-men had the right to have the funds invested as directed by the court, or to have them paid back into court.

The wives of the two appellees having been all the while parties to the action, the mere suggestion of their marriage was all that was necessary to authorize the court to make their husbands parties, and besides this an irregularity in this regard can not prejudice appellants. The return of the funds to the court's commissioner will release them from all further liability. For this reason the issue they attempt to raise as to whether or not Trout and King are the husbands of the two tenants in remainder was properly disregarded. The court upon its own motion might have taken the proceedings complained of, and if the chancellor had information that the trustee, Snyder, who was his agent to invest the funds, had failed to discharge such trust, it would have been his duty, without waiting for a motion from any one, to require him to pay the money back into court. It was not enough for the sureties to say that they had not information or knowledge as to whether or not Snyder had withdrawn the funds from the court; if he had not, a direct allegation to that effect should have been made. It was their duty to know what their principal had done in the premises, and they could by the use of the slightest diligence have informed themselves ás to this fact.

The presumption from the record is that Snyder withdrew

the money as soon as authorized to do so, and the fact that there is no direct evidence that he did authorize it is doubtless owing to his failure to report to court as he was directed to do. This presumption is greatly strengthened by the failure of appellees to allege that such money was still in the hands of the court's commissioner. The money having thus been traced into Snyder's hands, it was necessary that appellants should exonerate themselves from liability therefor by showing affirmatively that he had complied with the conditions of his bond, and not by mere denials of his failure to do so.

The plea of limitation came too late. A final order fixing their liability had been made before the amended response was filed. To have opened the proceeding at that time would have been granting appellants a new trial to allow them to avail themselves of a defense known to them before the original judgment was rendered.

Wherefore it is considered that the judgment of the chancellor be affirmed.